**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| | : | |
| STEVEN P. DAVID | : | CIVIL ACTION NO: |
| *PLAINTIFF* | : | |
| | : | |
| V. | : | |
| | : | |
| TOWN OF WATERFORD, | : | |
| RICHARD AVDEVICH AND | : | |
| TODD O'CONNELL | : | APRIL 30, 2026 |
| *DEFENDANT* S | : | |
| | : | |

**PETITION OF REMOVAL OF CIVIL ACTION**

Pursuant to 28 U.S.C. §1441, Petitioners, Town of Waterford, Richard Avdevich and Todd O'Connell (hereinafter "Petitioners") petition this Court to remove this action from the Superior Court of Connecticut, Judicial District of New London at New London to the United States District Court for the District of Connecticut and in support thereof aver as follows:

1.      Via Complaint dated March 30, 2026 and bearing a Return Date of May 19, 2026, the plaintiff, Steven P. David, commenced a civil action against the petitioners in the Superior Court of Connecticut, Judicial District of New London at New London, titled Stephen P. David v. Town of Waterford, et al, Docket Number KNL-CV26-6082458-S. A true and correct copy of Plaintiffs Complaint is attached hereto as **Exhibit A**.

2.      The Summons and Complaint were first served upon the undersigned petitioners on April 9, 2026.  This petition is being filed pursuant to 28 U.S.C. § 1446(b). This removal has not taken place more than thirty (30) days after service.

3.      The plaintiff's Complaint alleges, in pertinent part, that the petitioners violated his civil rights, namely, Fourth and Fourteenth Amendments violations and has alleged claims pursuant to 42 U.S.C. § 1983.

1

4.      Based on the foregoing, this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1446(b) because this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5.      Venue is proper pursuant to 28 U.S.C. § 1391.

6.      Pursuant to 28 U.S.C. § 1446(d), the petitioners have on this date notified said Superior Court of the State of Connecticut of the filing of this petition.  A copy of the Notice of Removal filed in the Superior Court is attached hereto as **Exhibit B**.

7.      That on this day, a copy of the Notice of Removal, along will all pleadings in the above captioned action were served on plaintiff via counsel, and a true and correct copy of the Notice of Removal was filed on the Clerk of the Superior Court for the Judicial District of New London at New London, all in accordance with the requirements of 28 U.S.C. § 1446.

WHEREFORE, the Petitioner requests that this action be removed from the Superior Court of the State of Connecticut Judicial District of New London at New London and henceforth proceed in this Court.

DEFENDANTS
TOWN OF WATERFORD, RICHARD
AVDEVICH AND TODD O'CONNELL

BY: */ s/ James G. Williams*
James G. Williams, Esq.
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT  06473
Telephone: 203-234-6333
Facsimile: 203-234-6330
Federal Bar No. ct01938
jwilliams@wwolaw.com

2

BY: */ s/ Scott R. Ouellette*
Scott R. Ouellette, Esq.
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT  06473
Telephone: 203-234-6333
Facsimile: 203-234-6330
Federal Bar No. ct26827
souellette@wwolaw.com

3

## **CERTIFICATION**

I hereby certify that on this day a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY: */s/ James G. Williams*

James G. Williams, Esq.

Exhibit A

RETURN DATE:  MAY 19, 2026

STEVEN DAVID                              :         SUPERIOR COURT

V.                                        :         J.D. NEW LONDON
                                                    AT NEW LONDON

TOWN OF WATERFORD, ET. AL.                :         MARCH 30, 2026

## COMPLAINT

1.    The plaintiff Steven David resides in Waterford, Connecticut.

2.    The defendant Richard Avdevich is a police officer employed by the Town of Waterford

Police Department (hereinafter WPD).

3.    The defendant is Todd O'Connel a detective employed by the WPD.

4.    The defendant the Town of Waterford a municipality in the State of Connecticut that

operates a municipal police department known as the WPD employing the two individual

defendants, and other law enforement officers.

5.    At all relevant time the individual defendants Advevich and O'Connel were employed by

the WPD, and were working on behalf the defendant Town of Waterford WPD in the

performance of their official duties.

6.    Also, at all relevant times the non-defendant police officer employees of WPD were also

employees of the Town of Waterford, and were working on behalf the defendant Town of

Waterford WPD in the performance of their official duties.

7.    On or about July 25, 2024 a judge of the Connecticut Superior Court signed a warrant

under Connecticut General Statute § 29-38c, known as a risk protection warrant, and said

warrant directed law enforcement to seize the plaintiff's firearms.

<div align="center">

1

**The Bartinik Law Firm LLC**
Attorneys At Law
45 Pequot Court, Pawcatuck, Connecticut 06379 860-445-8521

</div>

8. On that same date the individual defendants, and other police officers of the WPD seized the plaintiff's firearms including one firearm known as the the Drozd Black Bird.

9. During the seizure members of the WPD turned off the audio of their conversations, video, and failed to record relevant data of the seizure, transport, and storage of the plaintiff's firearms in violation of General Statute § 29-6d, and applicable guidelines.

10. Additionally, upon information and belief, the automobile that transported the plaintiff's Drozd Black Bird firearm did not have GPS motoriing, or the GPS data was not retained.

11. After a period of time the risk protection warrant was ended.

12. On shortly after July 12, 2025 the plaintiff requested that WPD, and the individual defendants return his firearms to him including the Drozd Black Bird.

13. Thereafter, staff of the WPD returned the plaintiff's firearms to the plaintiff except one: the Drozd Black Bird.

14. Still thereafter, the plaintiff made several requests both verbal and written to have his firearm the Drozd Black Bird returned to him, but the defendants have refused and neglected to return the firearm to him.

15. The defendants conduct is willful, wanton, and reckless.

16. As a result of the defendants' conduct and taking of the plaintiff's taking firearms and the defendants' failing to return the Drozd Black Bird, the plaintiff has lost the use of this firearm, his rights have been violated, he has suffered emotional distress, and he has incurred and will continue to incur attorneys' fees.

COUNT ONE. (CONVERSION AGAINST RICHARD AVDEVICH)

1-16. Paragraphs 1-16 are re-alleged as 1-16 of this count.

2

17.    The conduct of the defendant Richard Avdevich in taking, failing to return, and keeping the plaintiff's property the Drodk Black Bird firearm constitutes conversion of the firearm.

18.    As a result of the defendant's conversion the plaintiff has lost the firearm, and has incurred attorneys fees.

COUNT TWO.  (CONVERSION AGAINST TODD O'CONNEL)

1-18.    Paragraphs 1-18 are re-alleged as 1-18 of this count.

19.    The conduct of the defendant Todd O'Connel in taking, failing to return, and keeping the plaintiff's property the Drodk Black Bird firearm constitutes conversion of the firearm.

20.    As a result of the defendant's conversion the plaintiff has lost the firearm, and has incurred attorneys fees.

COUNT THREE.  (STATUTORY THEFT AGAINST RICHARD AVDEVICH)

1-20.    Paragraphs 1-20 are re-alleged as 1-20 of this count.

21.    The conduct of the defendant Richard Avdevich in taking, failing to return, and keeping the plaintiff's property the Drodk Black Bird firearm constitutes stealing, or knowingly receiving and concealing the plaintiff's property and thus statutory theft in violation of General Statute § 52-564.

22.    As a result of the defendant's violation of General Statute § 52-564 the plaintiff has lost the firearm, and has incurred attorneys fees, and claims treble damages.

COUNT FOUR.  (STATUTORY THEFT AGAINST TODD O'CONNEL)

1-22.    Paragraphs 1-22 are re-alleged as 1-22 of this count.

23.    The conduct of the defendant Todd O'Connel in taking, failing to return, and keeping the plaintiff's property the Drodk Black Bird firearm constitutes stealing, or knowingly receiving

3

and concealing the plaintiff's property and thus statutory theft in violation of General Statute § 52-564.

24.    As a result of the defendant's violation of General Statute § 52-564 the plaintiff has lost the firearm, and has incurred attorneys fees, and claims treble damages.

COUNT FIVE.  (GENERAL STATUTE § 52-571k AGAINST RICHARD AVDEVICH)

1-24.    Paragraphs 1-24 are re-alleged as 1-24 of this count.

25.    The plaintiff exercised his rights under article first of the Connecticut Constitution, and of the United States including high right to keep and bear arms; the right to be free of unreasonable search and seizure; and the right to own property without being deprived of property absent due process of law, and the equal protection of law.

26.    The defendant Richard Avdevich, a police officer, acting alone or in conspiracy with another deprived the plaintiff of the equal protection of the laws of this state, and of the equal privileges and immunities under the laws of this state, including, without limitation, the protections, privileges and immunities guaranteed under article first of the Constitution of the state.

27.    The defendant's conduct was deliberate, willful, or with reckless indifference.

COUNT SIX.  (GENERAL STATUTE § 52-571k AGAINST TODD O'CONNEL)

1-27.    Paragraphs 1-27 are re-alleged as 1-27 of this count.

28.    The plaintiff exercised his rights under article first of the Connecticut Constitution, and of the United States including high right to keep and bear arms; the right to be free of unreasonable search and seizure; and the right to own property without being deprived of property absent due process of law, and the equal protection of law.

4

The Bartinik Law Firm LLC
Attorneys At Law
45 Pequot Court, Pawcatuck, Connecticut 06379 860-445-8521

29.    The defendant Todd O'Connel, a police officer, acting alone or in conspiracy with another deprived the plaintiff of the equal protection of the laws of this state, and of the equal privileges and immunities under the laws of this state, including, without limitation, the protections, privileges and immunities guaranteed under article first of the Constitution of the state.

30.    The defendant's conduct was deliberate, willful, or with reckless indifference.

COUNT SEVEN.  (VIOLATION OF 42 U.S.C. § 1983 AGAINST RICHARD AVDEVICH)

1-30.    Paragraphs 1-30 are re-alleged as 1-30 of this count.

31.    The plaintiff exercised his rights under the Constitution of the United States including high right to keep and bear arms under the Second Amendment and Fourteenth Amendment as applied to the State of Connecticut; the right to be free of unreasonable search and seizure under the Fourth Amendment and Fourteenth Amendment as applied the State of Connecticut; and the right to own property without being deprived of property absent due process of law, and the equal protection of law under the Founteenth Amendment.

32.    The defendant Richard Avdevich while acting under color of law deprived the plaintiff of his rights.

33.    The defendant's conduct was deliberate, willful, or with reckless indifference.

COUNT EIGHT.  (VIOLATION OF 42 U.S.C. § 1983 AGAINST TODD O'DONNEL)

1-33.    Paragraphs 1-33 are re-alleged as 1-33 of this count.

34.    The plaintiff exercised his rights under the Constitution of the United States including high right to keep and bear arms under the Second Amendment and Fourteenth Amendment as applied to the State of Connecticut; the right to be free of unreasonable search and seizure under

The Bartinik Law Firm LLC
Attorneys At Law
45 Pequot Court, Pawcatuck, Connecticut 06379 860-445-8521

the Fourth Amendment and Fourteenth Amendment as applied the State of Connecticut; and the right to own property without being deprived of property absent due process of law, and the equal protection of law under the Founteenth Amendment.

35.    The defendant Richard Avdevich while acting under color of law deprived the plaintiff of his rights.

36.    The defendant's conduct was deliberate, willful, or with reckless indifference.

COUNT NINE.  (COMMON LAW NEGLIGENCE AGAINST RICHARD AVDEVICH)

1-36.    Paragraphs 1-36 are re-alleged as 1-36 of this count.

37.    The defendant Richard Avdevich was negligent in one or more of the following ways:

       a.    He failed to return the plaintiff's firearm to the plaintiff;

       b.    He failed to remember where he put the firearm;

       c.    He failed to remember who he gave the firearm to;

       d.    He failed to remember where he stored the firearm;

       e.    He lost the plaintiff's firearm;

       f.    He failed to follow the town's protocol for not losing a firearm

38.    The defendant Town of Waterford is liable for the defendant's negligent conduct and assumes liability under General Statute § 7-465.

39.    As a result of the defendant's negligence the plaintiff has lost the use of his firearm, his rights are violated, and he has suffered emotional distress.

COUNT NINE.  (COMMON LAW NEGLIGENCE AGAINST TODD O'DONNEL)

1-39.    Paragraphs 1-39 are re-alleged as 1-39 of this count.

40.    The defendant Todd O'Donnel was negligent in one or more of the following ways:

The Bartinik Law Firm LLC
Attorneys At Law
45 Pequot Court, Pawcatuck, Connecticut 06379 860-445-8521

a. He failed to return the plaintiff's firearm to the plaintiff after requested when he reasonably have done so;

b. He failed to remember where he put the firearm;

c. He failed to remember who he gave the firearm to;

d. He failed to remember where he stored the firearm;

e. He lost the plaintiff's firearm;

f. He failed to report a lost firearm in a reasonable time;

g. He failed to follow his employer's protocol for not losing a firearm.

41.    The defendant Town of Waterford is liable for the defendant's negligent conduct and assumes liability under General Statute § 7-465.

42.    As a result of the defendant's negligence the plaintiff has lost the use of his firearm, his rights are violated, and he has suffered emotional distress.

COUNT TEN.  (MUNICIPAL LIABILITY TOWN OF WATERFORD UNDER GENERAL STATUTE § 7-465)

1-42.    Paragraphs 1-42 are re-alleged as 1-42 of this count.

43.    The defendant the Town of Waterford was provided notice in accordance with General Statute 7-465.

44.    Under General Statute § 7-465 the defendant the Town of Waterford shall pay on behalf of its employees all sums which the employee shall become liable to pay for the negligent actions of it employees.

45.    As a result of the defendants' negligence the plaintiff has lost the use of his firearm, his rights are violated, and he has suffered emotional distress.

7

46.    The plaintiff seeks payment from the Town of Waterford for the sums which the employee shall become liable to pay.

WHEREFORE, the Plaintiff claims fair, just and reasonable money damages.

Dated at Pawcatuck, Connecticut, on March 30, 2026.

THE PLAINTIFF, STEVEN DAVID

_____406700_____
Peter J. Bartinik, Jr.
Commissioner of the Superior Court
The Bartinik Law Firm LLC
45 Pequot Court, Pawcatuck, CT 06379
860-445-8521      Fax 860-445-5873
peterjr@grotonlaw.com

The Bartinik Law Firm LLC
Attorneys At Law
45 Pequot Court, Pawcatuck, Connecticut 06379 860-445-8521

RETURN DATE:  MAY 19, 2026

STEVEN DAVID                              :        SUPERIOR COURT

V.                                        :        J.D. NEW LONDON
                                                   AT NEW LONDON

TOWN OF WATERFORD, ET. AL.                :        MARCH 30, 2026

<u>PRAYER FOR RELIEF</u>

WHEREFORE, THE PLAINTIFF CLAIMS:

1.    Money damages.

2.    The amount, legal interest or property in demand is $2,500.00 or more, exclusive

      of interest and costs.

3.    Triple damages under General Statute § 52-564.

4.    Attorneys fees under General Statute § 52-564, General Statute § 52-571k, and 42

      U.S.C. § 1988.

5.    An order that the Town of Waterford assumes liability under General Statute §

      7-465.

6.    Such other relief as the Court may deem proper.

Dated at Groton, Connecticut, on March 30, 2026.

                              THE PLAINTIFF

                              _____406700_____
                              Peter J. Bartinik, Jr., Esq.
                              Commissioner of the Superior Court

9

<u>The Bartinik Law Firm LLC</u>
Attorneys At Law
45 Pequot Court, Pawcatuck, Connecticut 06379 860-445-8521

**Exhibit B**

KNL-CV26-6082458-S                    :         CONNECTICUT SUPERIOR COURT

STEVEN P. DAVID                       :         J.D. OF NEW LONDON

v.                                    :         AT NEW LONDON

TOWN OF WATERFORD, ET AL              :         APRIL 30, 2026

### <u>NOTICE TO STATE COURT OF REMOVAL</u>

To the Clerk of the Superior Court, 70 Huntington Street New London, CT 06320.

Notice is hereby given that this case, bearing a Return Date of May 19, 2026 has been

removed to the United States District Court for the District of Connecticut on this date.  You are

advised to take no further action.

<div style="margin-left: 40%;">

THE DEFENDANTS
Town of Waterford, Richard Avdevich and Todd O'Connell

BY: /s/305505 _____

JAMES G. WILLIAMS, ESQ.
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel: (203) 234-6333
Fax: (203) 234-6330
Juris No. 421162
jwilliams@wwolaw.com

</div>

WILLIAMS, WALSH & O'CONNOR, LLC
37 BROADWAY, FIRST FLOOR • NORTH HAVEN, CONNECTICUT 06473
TELEPHONE: (203) 234-6333 • FACSIMILE: (203) 234-6330 • JURIS NO. 421162

## **CERTIFICATION**

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically to all attorneys and self-represented parties of record and to all parties who have not appeared in this matter and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

PETER BARTNIK, ESQ.
THE BARTINIK LAW FIRM LLC
45 PEQUOT COURT
PAWCATUCK, CT 06379
peterjr@grotonlaw.com

_____/s/305505_____
JAMES G. WILLIAMS
COMMISSIONER OF THE SUPERIOR COURT

**WILLIAMS, WALSH & O'CONNOR, LLC**
**37 BROADWAY, FIRST FLOOR • NORTH HAVEN, CONNECTICUT 06473**
**TELEPHONE: (203) 234-6333 • FACSIMILE: (203) 234-6330 • JURIS NO. 421162**